UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS
REGIONAL COUNCIL APPRENTICE AND
TRAINEE PROGRAM; and MID-AMERICA
CARPENTERS REGIONAL COUNCIL
SUPPLEMENTAL RETIREMENT FUND,

                  Plaintiffs,

    v.

RITEWAY-HUGGINS CONSTRUCTION, INC.,
an Illinois corporation,

                  Defendant.

22 CV 5272

Judge Manish S. Shah

Magistrate Judge Maria Valdez

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT DUE TO DEFENDANT'S
DEFAULT UNDER FEBRUARY 2, 2024 CONSENT ORDER**

Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* ("Plaintiffs") by

and through their attorneys, hereby move this Court pursuant to the terms of the Consent Order

dated February 2, 2024 to enter judgment against  Defendant Riteway-Huggins Construction,

Inc. ("Defendant") pursuant to the Consent Order agreed to by the parties to settle this lawsuit. In

support thereof, Plaintiffs state as follows:

1.     Plaintiffs are multi-employer funded fringe benefit funds that collect fringe

benefit contributions from employers that have agreed to be bound by the collective bargaining

agreement ("CBA") between the employers' associations and the Mid-America Carpenters

Regional Council ("Union").  (J. Conklin Decl. ¶3, EX. 1)

2.     Plaintiffs regularly audit the fringe benefit contributions of employers who have

signed the CBA; and, when an employer fails to cooperate with Plaintiffs' designated auditor by

failing to produce its books and records for an audit, Plaintiffs routinely file a lawsuit against the employer to compel the production of the employer's books and records and to collect any amounts found due and owing to Plaintiffs. (J. Conklin Decl. ¶4, EX. 1)

3.      On September 27, 2022 Plaintiffs filed this lawsuit to compel Defendant to produce documents for an audit of its fringe benefit contributions and to pay all amounts found due and owing. (Complaint ¶¶1-3, ECF Doc. #1)

4.      Plaintiffs and Defendant settled this matter pursuant to the terms of the Consent Order. (J. Conklin Decl. ¶6, EX. 1; Consent Order, ECF Doc. #42, EX. 2) A copy of the Consent Order is attached as Exhibit 2. The Consent Order was entered by this Court on February 2, 2024. (Consent Order at 2, EX. 2)

5.      Pursuant to the terms of the Consent Order, Defendant was ordered to pay Plaintiffs $50,000.00 over a period of time with $2,778.00 due on or before the first day of each month:

> (1) Defendant shall pay Plaintiffs the total sum of fifty thousand dollars ($50,000.00) payable as follows: two thousand seven hundred seventy-eight dollars ($2,778.00) due on or before the first business day of each calendar month that is not a federally recognized holiday beginning February 1, 2024 for seventeen (17) months and a final payment of two thousand seven hundred seventy-four dollars ($2,774.00) on July 1, 2025.

6.      In the event that Defendant defaulted on its obligation, then this lawsuit shall be reinstated for the purpose of entering judgment against Defendant for $50,000.00 plus attorney's fees and costs incurred to enforce the order but less any amounts previously paid by Defendant. The Consent Order states:

> (4) If Defendant defaults on any obligation in paragraphs (1) through (3) of this Order and fails to cure said default within thirty (30) days after notice has been given by Plaintiffs to Defendant of the default, Plaintiffs shall have the right but not the obligation to reinstate this case for the purpose of modifying or amending this order to have judgment entered against Defendant for fifty thousand dollars

($50,000.00), plus any attorneys' fees and costs incurred by Plaintiffs to enforce this order, and less any amounts paid by Defendant under this Order. Plaintiffs' failure to enforce a default on any one or more occasion shall not modify this Order and thereafter shall not preclude Plaintiffs from enforcing a default on any other occasion.

(5) The case is otherwise dismissed without prejudice and with leave to reinstate by a motion filed on or before August 1, 2025 consistent with paragraph (4).

(Consent Order at 2, EX. 2)

7.      Defendant made the payments identified as follows as the "Payment Amount" on the date identified as the "Payment Date":

| Payment Due Date | Payment Amount Due | Payment Amount | Payment Date | Past Due Amount |
|---|---|---|---|---|
| Feb. 1, 2024 | $2,778.00 | $2,774.00 | Feb. 12, 2024 | ($4.00) |
| Mar. 1, 2024 | $2,778.00 | $2,774.00 | Mar. 7, 2024 | ($8.00) |
| Apr. 1, 2024 | $2,778.00 | $2,774.00 | May 20, 2024 | ($12.00) |
| May 1, 2024 | $2,778.00 | $5,560.00 | Jul. 30, 2024 | $2,770.00 |
| Jun. 1, 2024 | $2,778.00 | | | ($8.00) |
| Jul. 1, 2024 | $2,778.00 | | | ($2,786.00) |
| Aug. 1, 2024 | $2,778.00 | | | ($5,564.00) |
| Sep. 1, 2024 | $2,778.00 | | | ($8,342.00) |
| Oct. 1, 2024 | $2,778.00 | | | ($11,120.00) |
| Nov. 1, 2024 | $2,778.00 | | | |
| Dec. 1, 2024 | $2,778.00 | | | |
| Jan. 1, 2025 | $2,778.00 | | | |
| Feb. 1, 2025 | $2,778.00 | | | |
| Mar. 1, 2025 | $2,778.00 | | | |
| Apr. 1, 2025 | $2,778.00 | | | |
| May 1, 2025 | $2,778.00 | | | |
| Jun. 1, 2025 | $2,778.00 | | | |
| Jul. 1, 2025 | $2,774.00 | | | |
| **TOTAL** | **$50,000.00** | **$13,882.00** | | |

(J. Conklin Dec. ¶7, EX. 1)  Defendant paid $13,882.00 as of October 24, 2024.  The amount currently overdue under the Consent Order is $11,120.00; and, the total amount unpaid under the Consent Order is $36,118.00.

8.      Plaintiffs directed their counsel to issue a notice of default on or about July 10, 2024, a copy of which is attached as Exhibit 3.  (J. Conklin Decl. ¶9, EX. 1)

9.      Defendant failed to become current on the payments due under the Consent Order within thirty (30) days of the notice of default.  (J. Conklin Decl. ¶¶7-10, EX. 1)

10.      Plaintiffs have incurred an additional $1,947.50 in attorney's fees to enforce the Consent Order.  Accordingly, Plaintiffs also seek an additional $1,947.50 in attorney's fees. (Decl. of K. McJessy ¶4, EX. 4).

11.      Accordingly, Plaintiffs move this Court to vacate the dismissal without prejudice in the Court's Consent Order and to enter a final judgment against Defendant in the amount of $38,065.50 pursuant to the Court's Consent Order because Defendant defaulted on its obligations under the Consent Order.  A proposed draft Judgment Order is attached as Exhibit 5.

WHEREFORE, Plaintiffs move this Court to enter the Judgment Order attached as Exhibit 5 entering a final judgment against Defendant in the amount of $38,065.50.

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND *et al.*

By:   s/ Kevin P. McJessy
       One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
mcjessy@MCandT.com

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Motion For Entry Of Judgment Due To Defendant's Default Under February 2, 2024 Consent Order** to be served upon all counsel of record via the Court's CM/ECF system on October 24, 2024.

By:   s/ Kevin P. McJessy       

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS
REGIONAL COUNCIL APPRENTICE AND
TRAINEE PROGRAM; and MID-AMERICA
CARPENTERS REGIONAL COUNCIL
SUPPLEMENTAL RETIREMENT FUND,

                Plaintiffs,

   v.

RITEWAY-HUGGINS CONSTRUCTION, INC.,
an Illinois corporation,

                Defendant.

22-CV-5272

Judge Manish S. Shah

Mag. Judge Maria Valdez

## <u>DECLARATION OF JOHN CONKLIN</u>

I, John Conklin, hereby declare as follows:

1.      I am the Manager of Contributions for the Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Chicago and Northeast Illinois Regional Council of Carpenters Apprentice and Training Program, and Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "Plaintiffs").

2.      I have worked for Plaintiffs since 2010. I have been in my present position since approximately January 2023. Prior to that I was the Manager Audits and Collection since February 2021, prior to that I was the Audit Department Supervisor since approximately 2017, prior to that I was the Senior Audit Coordinator since approximately 2013, and prior to that I was an Audit Coordinator since August 2010.

3.      Plaintiffs are multi-employer funded fringe benefit funds that collect fringe benefit contributions from employers that have agreed to be bound by the collective bargaining

<div style="border:1px solid black; display:inline-block; padding:8px; text-align:center;"><strong>EXHIBIT</strong><br/><strong>1</strong></div>

agreement ("CBA") between the employers' associations and the Mid-America Carpenters Regional Council ("Union"). Plaintiffs manage the fringe benefit contributions and use those funds to provide medical benefits, pension benefits, and other benefits to Union carpenters and their families.

4.      As part of my duties, I am responsible for managing the collection of fringe benefit contributions due from the employers bound by the CBA. Plaintiffs regularly audit the books and records of those employers who have signed the CBA. I have been involved in this audit process since I started working for Plaintiffs. These audits are authorized by the Employee Retirement Income Security Act ("ERISA"), by the CBA, and by the trust agreements which form and govern Plaintiffs. ERISA, the CBA and the trust agreements require employers to maintain records and to produce those records to Plaintiffs or their designated auditor so that the Plaintiffs can determine whether the employer accurately reported and paid fringe benefit contributions to Plaintiffs. When an employer fails to cooperate with Plaintiffs' designated auditor by failing to produce its books and records for an audit, Plaintiffs routinely file a lawsuit against the employer to compel the production of the employer's books and records and to collect any amounts found due and owing to Plaintiffs. ERISA, the CBA and the trust agreements provide that when an employer fails to pay fringe benefit contributions and Plaintiffs file a lawsuit, the employer is liable for the unpaid fringe benefit contributions, interest, liquidated damages, attorneys' fees and costs, and audit fees.

5.      On September 27, 2022 Plaintiffs filed the above-captioned lawsuit to compel Riteway-Huggins Construction, Inc. ("Defendant") to produce documents for an audit of its fringe benefit contributions and to pay all amounts found due and owing.

6.      On February 2, 2024, Plaintiffs and Defendant entered into the Consent Order attached as Exhibit A to resolve this lawsuit. Pursuant to the terms of the Consent Order,

Defendant was ordered to pay Plaintiffs $50,000.00 over a period of time with $2,778.00 due on or before the first day of each month; and, in the event that Defendant defaults on its obligation, then this lawsuit shall be reinstated for the purpose of entering judgment against Defendant for $50,000.00 plus attorney's fees and costs incurred to enforce the order but less any amounts previously paid by Defendant.

7.    Defendant made the payments identified as follows as the "Payment Amount" on the "Payment Date":

| Payment Due Date | Payment Amount Due | Payment Amount | Payment Date | Past Due Amount |
|---|---|---|---|---|
| Feb. 1, 2024 | $2,778.00 | $2,774.00 | Feb. 12, 2024 | ($4.00) |
| Mar. 1, 2024 | $2,778.00 | $2,774.00 | Mar. 7, 2024 | ($8.00) |
| Apr. 1, 2024 | $2,778.00 | $2,774.00 | May 20, 2024 | ($12.00) |
| May 1, 2024 | $2,778.00 | $5,560.00 | Jul. 30, 2024 | $2,770.00 |
| Jun. 1, 2024 | $2,778.00 | | | ($8.00) |
| Jul. 1, 2024 | $2,778.00 | | | ($2,786.00) |
| Aug. 1, 2024 | $2,778.00 | | | ($5,564.00) |
| Sep. 1, 2024 | $2,778.00 | | | ($8,342.00) |
| Oct. 1, 2024 | $2,778.00 | | | ($11,120.00) |

8.    There is currently overdue $11,120.00 to Plaintiffs.

9.    Plaintiffs' directed their counsel to issue a notice of default on or about July 10, 2024, a copy of which is attached as Exhibit B.

10.    Defendant failed to become current on the payments due under the Consent Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 3034.

John Conklin, Manager of Contributions
Mid-America Carpenters Regional Council Pension Fund *et al.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM; and MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, | 22 CV 5272 <br><br> Judge Manish S. Shah <br><br> Magistrate Judge Maria Valdez |
| Plaintiffs, | |
| v. | |
| RITEWAY-HUGGINS CONSTRUCTION, INC., an Illinois corporation, | |
| Defendant. | |

## CONSENT ORDER

Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* (collectively "Plaintiffs") and defendant Riteway-Huggins Construction, Inc. ("Defendant"), an Illinois corporation have agreed that Plaintiffs' claims in this lawsuit should be resolved on the terms set forth in this Order.

Defendant acknowledges service of the complaint in this matter and admits to the jurisdiction of this Court over it and the subject matter of this action.

Plaintiffs and Defendant agree to resolve all matters in controversy in this action between them and any proceedings related thereto, and now consent to entry of this Consent Order by this Court in accordance herewith.

Plaintiffs and Defendant agree that this case has been settled and that all issues and controversies in this case have been resolved to their mutual satisfaction on the terms agreed to in this Order.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

(1) Defendant shall pay Plaintiffs the total sum of fifty thousand dollars ($50,000.00) payable as follows: two thousand seven hundred seventy-eight dollars ($2,778.00) due on or before the first

EXHIBIT
A

business day of each calendar month that is not a federally recognized holiday beginning February 1, 2024 for seventeen (17) months and a final payment of two thousand seven hundred seventy-four dollars ($2,774.00) on July 1, 2025.

(2) All payments shall either be made by check payable to "Mid-America Carpenters Regional Council Pension Fund" and delivered to "Mid-America Carpenters Regional Council Pension Benefit Fund, 12 East Erie Street, Suite 800, Chicago, IL 60611" or by wire transfer to the account designated in writing by Plaintiffs.

(3) Defendant shall remain current submitting its monthly Combined Fringe Benefit Funds and Dues Checkoff Report and corresponding monthly payment to Plaintiffs for each month from February 1, 2024 and continuing through July 1, 2025.

(4) If Defendant defaults on any obligation in paragraphs (1) through (3) of this Order and fails to cure said default within thirty (30) days after notice has been given by Plaintiffs to Defendant of the default, Plaintiffs shall have the right but not the obligation to reinstate this case for the purpose of modifying or amending this order to have judgment entered against Defendant for fifty thousand dollars ($50,000.00), plus any attorneys' fees and costs incurred by Plaintiffs to enforce this order, and less any amounts paid by Defendant under this Order. Plaintiffs' failure to enforce a default on any one or more occasion shall not modify this Order and thereafter shall not preclude Plaintiffs from enforcing a default on any other occasion.

(5) The case is otherwise dismissed without prejudice and with leave to reinstate by a motion filed on or before August 1, 2025 consistent with paragraph (4).

(6) In the event that a motion to reinstate is not filed on or before August 1, 2025, then this case shall be deemed to be dismissed with prejudice without any further order of this Court.

(7) Upon receipt by Plaintiffs of full payment of amounts due under this Order, Plaintiffs, their trustees, and officers shall then release and discharge Defendant, its principals, shareholders, directors, officers, successors and assigns from any and all claims, demands, causes of action of whatever kind or nature, in law, equity or otherwise, known or unknown, for amounts owed by Defendant to Plaintiffs pursuant to this Order.

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND *et al.*

By:   s/ Kevin P. McJessy
           One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
773.880.1260
mcjessy@MCandT.com

February 2, 2024
Date

RITEWAY-HUGGINS CONSTRUCTION,
INC.

By:   /s/ James X. Bormes
           One of Its Attorneys

James X. Bormes
JAMES X. BORMES, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603
(312) 201-0575
jxbormes@bormeslaw.com
   ENTERED:

_____
   Manish S. Shah
   U.S. District Court



**McJESSY, CHING & THOMPSON** LLC

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

Kevin P. McJessy
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 MAIN
(773) 880-1261 DIRECT
(773) 880-1265 FAX
mcjessy@MCandT.com

**VIA EMAIL & U.S. MAIL**

July 10, 2024

James X. Bormes
JAMES X. BORMES, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603

RE:     **Notice Of Default Pursuant To Paragraph (4) Of The Consent Order Dated
February 2, 2024**
*Mid-America Carpenters Regional Council Pension Fund et al. v. Riteway-Huggins
Construction, Inc.*, 22-CV-5272, Account No. 19054

Dear Jim:

Riteway-Huggins Construction, Inc. is three months behind on its payments for the attached
consent order. The payments due the first day of May, June and July 2024 are all past due.
Accordingly, Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* tender
this Notice of Default pursuant paragraph 4 of the Consent Order.

Sincerely,

MCJESSY, CHING & THOMPSON, LLC

Kevin P. McJessy

KPM:smk
Enclosure

cc: John Conklin (via email)

**EXHIBIT
B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS
REGIONAL COUNCIL APPRENTICE AND
TRAINEE PROGRAM; and MID-AMERICA
CARPENTERS REGIONAL COUNCIL
SUPPLEMENTAL RETIREMENT FUND,

     Plaintiffs,

  v.

RITEWAY-HUGGINS CONSTRUCTION, INC.,
an Illinois corporation,

     Defendant.

22 CV 5272

Judge Manish S. Shah

Magistrate Judge Maria Valdez

## CONSENT ORDER

Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* (collectively
"Plaintiffs") and defendant Riteway-Huggins Construction, Inc. ("Defendant"), an Illinois
corporation have agreed that Plaintiffs' claims in this lawsuit should be resolved on the terms set
forth in this Order.

Defendant acknowledges service of the complaint in this matter and admits to the jurisdiction of
this Court over it and the subject matter of this action.

Plaintiffs and Defendant agree to resolve all matters in controversy in this action between them
and any proceedings related thereto, and now consent to entry of this Consent Order by this
Court in accordance herewith.

Plaintiffs and Defendant agree that this case has been settled and that all issues and controversies
in this case have been resolved to their mutual satisfaction on the terms agreed to in this Order.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds
that it has jurisdiction to enter this Consent Order.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

(1) Defendant shall pay Plaintiffs the total sum of fifty thousand dollars ($50,000.00) payable as
follows: two thousand seven hundred seventy-eight dollars ($2,778.00) due on or before the first

business day of each calendar month that is not a federally recognized holiday beginning February 1, 2024 for seventeen (17) months and a final payment of two thousand seven hundred seventy-four dollars ($2,774.00) on July 1, 2025.

(2) All payments shall either be made by check payable to "Mid-America Carpenters Regional Council Pension Fund" and delivered to "Mid-America Carpenters Regional Council Pension Benefit Fund, 12 East Erie Street, Suite 800, Chicago, IL 60611" or by wire transfer to the account designated in writing by Plaintiffs.

(3) Defendant shall remain current submitting its monthly Combined Fringe Benefit Funds and Dues Checkoff Report and corresponding monthly payment to Plaintiffs for each month from February 1, 2024 and continuing through July 1, 2025.

(4) If Defendant defaults on any obligation in paragraphs (1) through (3) of this Order and fails to cure said default within thirty (30) days after notice has been given by Plaintiffs to Defendant of the default, Plaintiffs shall have the right but not the obligation to reinstate this case for the purpose of modifying or amending this order to have judgment entered against Defendant for fifty thousand dollars ($50,000.00), plus any attorneys' fees and costs incurred by Plaintiffs to enforce this order, and less any amounts paid by Defendant under this Order. Plaintiffs' failure to enforce a default on any one or more occasion shall not modify this Order and thereafter shall not preclude Plaintiffs from enforcing a default on any other occasion.

(5) The case is otherwise dismissed without prejudice and with leave to reinstate by a motion filed on or before August 1, 2025 consistent with paragraph (4).

(6) In the event that a motion to reinstate is not filed on or before August 1, 2025, then this case shall be deemed to be dismissed with prejudice without any further order of this Court.

(7) Upon receipt by Plaintiffs of full payment of amounts due under this Order, Plaintiffs, their trustees, and officers shall then release and discharge Defendant, its principals, shareholders, directors, officers, successors and assigns from any and all claims, demands, causes of action of whatever kind or nature, in law, equity or otherwise, known or unknown, for amounts owed by Defendant to Plaintiffs pursuant to this Order.

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND *et al.*

By: __s/ Kevin P. McJessy_____
        One of Their Attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, llc
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
773.880.1260
mcjessy@MCandT.com



February 2, 2024
Date

RITEWAY-HUGGINS CONSTRUCTION,
INC.

By: ___/s/ James X. Bormes_____
        One of Its Attorneys

James X. Bormes
James X. Bormes, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603
(312) 201-0575
jxbormes@bormeslaw.com
    ENTERED:


_____
    Manish S. Shah
    U.S. District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND; MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM; and MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, | 22 CV 5272 |
| | Judge Manish S. Shah |
| Plaintiffs, | Magistrate Judge Maria Valdez |
| v. | |
| RITEWAY-HUGGINS CONSTRUCTION, INC., an Illinois corporation, | |
| Defendant. | |

## CONSENT ORDER

Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* (collectively "Plaintiffs") and defendant Riteway-Huggins Construction, Inc. ("Defendant"), an Illinois corporation have agreed that Plaintiffs' claims in this lawsuit should be resolved on the terms set forth in this Order.

Defendant acknowledges service of the complaint in this matter and admits to the jurisdiction of this Court over it and the subject matter of this action.

Plaintiffs and Defendant agree to resolve all matters in controversy in this action between them and any proceedings related thereto, and now consent to entry of this Consent Order by this Court in accordance herewith.

Plaintiffs and Defendant agree that this case has been settled and that all issues and controversies in this case have been resolved to their mutual satisfaction on the terms agreed to in this Order.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

(1) Defendant shall pay Plaintiffs the total sum of fifty thousand dollars ($50,000.00) payable as follows: two thousand seven hundred seventy-eight dollars ($2,778.00) due on or before the first

EXHIBIT
2

business day of each calendar month that is not a federally recognized holiday beginning February 1, 2024 for seventeen (17) months and a final payment of two thousand seven hundred seventy-four dollars ($2,774.00) on July 1, 2025.

(2) All payments shall either be made by check payable to "Mid-America Carpenters Regional Council Pension Fund" and delivered to "Mid-America Carpenters Regional Council Pension Benefit Fund, 12 East Erie Street, Suite 800, Chicago, IL 60611" or by wire transfer to the account designated in writing by Plaintiffs.

(3) Defendant shall remain current submitting its monthly Combined Fringe Benefit Funds and Dues Checkoff Report and corresponding monthly payment to Plaintiffs for each month from February 1, 2024 and continuing through July 1, 2025.

(4) If Defendant defaults on any obligation in paragraphs (1) through (3) of this Order and fails to cure said default within thirty (30) days after notice has been given by Plaintiffs to Defendant of the default, Plaintiffs shall have the right but not the obligation to reinstate this case for the purpose of modifying or amending this order to have judgment entered against Defendant for fifty thousand dollars ($50,000.00), plus any attorneys' fees and costs incurred by Plaintiffs to enforce this order, and less any amounts paid by Defendant under this Order.  Plaintiffs' failure to enforce a default on any one or more occasion shall not modify this Order and thereafter shall not preclude Plaintiffs from enforcing a default on any other occasion.

(5) The case is otherwise dismissed without prejudice and with leave to reinstate by a motion filed on or before August 1, 2025 consistent with paragraph (4).

(6) In the event that a motion to reinstate is not filed on or before August 1, 2025, then this case shall be deemed to be dismissed with prejudice without any further order of this Court.

(7) Upon receipt by Plaintiffs of full payment of amounts due under this Order, Plaintiffs, their trustees, and officers shall then release and discharge Defendant, its principals, shareholders, directors, officers, successors and assigns from any and all claims, demands, causes of action of whatever kind or nature, in law, equity or otherwise, known or unknown, for amounts owed by Defendant to Plaintiffs pursuant to this Order.

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND *et al.*

RITEWAY-HUGGINS CONSTRUCTION,
INC.

By: ___s/ Kevin P. McJessy_____
      One of Their Attorneys

By: ____/s/ James X. Bormes_____
      One of Its Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
773.880.1260
mcjessy@MCandT.com

James X. Bormes
JAMES X. BORMES, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603
(312) 201-0575
jxbormes@bormeslaw.com
   ENTERED:

February 2, 2024
Date

Manish S. Shah
U.S. District Court



**M**C**J**ESSY, **C**HING &
**T**HOMPSON, LLC

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

Kevin P. McJessy
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 MAIN
(773) 880-1261 DIRECT
(773) 880-1265 FAX
mcjessy@MCandT.com

**VIA EMAIL & U.S. MAIL**

July 10, 2024

James X. Bormes
JAMES X. BORMES, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603

RE:     **Notice Of Default Pursuant To Paragraph (4) Of The Consent Order Dated
February 2, 2024**
*Mid-America Carpenters Regional Council Pension Fund et al. v. Riteway-Huggins
Construction, Inc.*, 22-CV-5272, Account No. 19054

Dear Jim:

Riteway-Huggins Construction, Inc. is three months behind on its payments for the attached
consent order. The payments due the first day of May, June and July 2024 are all past due.
Accordingly, Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* tender
this Notice of Default pursuant paragraph 4 of the Consent Order.

Sincerely,

MCJESSY, CHING & THOMPSON, LLC

Kevin P. McJessy

KPM:smk
Enclosure

cc: John Conklin (via email)

EXHIBIT
**3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS
REGIONAL COUNCIL APPRENTICE AND
TRAINEE PROGRAM; and MID-AMERICA
CARPENTERS REGIONAL COUNCIL
SUPPLEMENTAL RETIREMENT FUND,

                        Plaintiffs,

     v.

RITEWAY-HUGGINS CONSTRUCTION, INC.,
an Illinois corporation,

                    Defendant.

22 CV 5272

Judge Manish S. Shah

Magistrate Judge Maria Valdez

## CONSENT ORDER

Plaintiffs Mid-America Carpenters Regional Council Pension Fund *et al.* (collectively "Plaintiffs") and defendant Riteway-Huggins Construction, Inc. ("Defendant"), an Illinois corporation have agreed that Plaintiffs' claims in this lawsuit should be resolved on the terms set forth in this Order.

Defendant acknowledges service of the complaint in this matter and admits to the jurisdiction of this Court over it and the subject matter of this action.

Plaintiffs and Defendant agree to resolve all matters in controversy in this action between them and any proceedings related thereto, and now consent to entry of this Consent Order by this Court in accordance herewith.

Plaintiffs and Defendant agree that this case has been settled and that all issues and controversies in this case have been resolved to their mutual satisfaction on the terms agreed to in this Order.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

(1) Defendant shall pay Plaintiffs the total sum of fifty thousand dollars ($50,000.00) payable as follows: two thousand seven hundred seventy-eight dollars ($2,778.00) due on or before the first

business day of each calendar month that is not a federally recognized holiday beginning February 1, 2024 for seventeen (17) months and a final payment of two thousand seven hundred seventy-four dollars ($2,774.00) on July 1, 2025.

(2) All payments shall either be made by check payable to "Mid-America Carpenters Regional Council Pension Fund" and delivered to "Mid-America Carpenters Regional Council Pension Benefit Fund, 12 East Erie Street, Suite 800, Chicago, IL 60611" or by wire transfer to the account designated in writing by Plaintiffs.

(3) Defendant shall remain current submitting its monthly Combined Fringe Benefit Funds and Dues Checkoff Report and corresponding monthly payment to Plaintiffs for each month from February 1, 2024 and continuing through July 1, 2025.

(4) If Defendant defaults on any obligation in paragraphs (1) through (3) of this Order and fails to cure said default within thirty (30) days after notice has been given by Plaintiffs to Defendant of the default, Plaintiffs shall have the right but not the obligation to reinstate this case for the purpose of modifying or amending this order to have judgment entered against Defendant for fifty thousand dollars ($50,000.00), plus any attorneys' fees and costs incurred by Plaintiffs to enforce this order, and less any amounts paid by Defendant under this Order. Plaintiffs' failure to enforce a default on any one or more occasion shall not modify this Order and thereafter shall not preclude Plaintiffs from enforcing a default on any other occasion.

(5) The case is otherwise dismissed without prejudice and with leave to reinstate by a motion filed on or before August 1, 2025 consistent with paragraph (4).

(6) In the event that a motion to reinstate is not filed on or before August 1, 2025, then this case shall be deemed to be dismissed with prejudice without any further order of this Court.

(7) Upon receipt by Plaintiffs of full payment of amounts due under this Order, Plaintiffs, their trustees, and officers shall then release and discharge Defendant, its principals, shareholders, directors, officers, successors and assigns from any and all claims, demands, causes of action of whatever kind or nature, in law, equity or otherwise, known or unknown, for amounts owed by Defendant to Plaintiffs pursuant to this Order.

MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND *et al.*

By: __s/ Kevin P. McJessy_____
        One of Their Attorneys

Kevin P. McJessy
MᴄJᴇssʏ, Cʜɪɴɢ & Tʜᴏᴍᴘsᴏɴ, ʟʟᴄ
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
773.880.1260
mcjessy@MCandT.com


February 2, 2024
Date

RITEWAY-HUGGINS CONSTRUCTION, INC.

By: ___/s/ James X. Bormes_____
        One of Its Attorneys

James X. Bormes
Jᴀᴍᴇs X. Bᴏʀᴍᴇs, P.C.
8 South Michigan Ave., Suite 2600
Chicago, IL 60603
(312) 201-0575
jxbormes@bormeslaw.com
    ENTERED:


_____
    Manish S. Shah
    U.S. District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA CARPENTERS REGIONAL
COUNCIL PENSION FUND; MID-AMERICA
CARPENTERS REGIONAL COUNCIL HEALTH
FUND; MID-AMERICA CARPENTERS
REGIONAL COUNCIL APPRENTICE AND
TRAINEE PROGRAM; and MID-AMERICA
CARPENTERS REGIONAL COUNCIL
SUPPLEMENTAL RETIREMENT FUND,

                    Plaintiffs,

    v.

RITEWAY-HUGGINS CONSTRUCTION, INC.,
an Illinois corporation,

                    Defendant.

22 CV 5272

Judge Manish S. Shah

Magistrate Judge Maria Valdez

## <u>DECLARATION OF KEVIN P. MCJESSY</u>

I, Kevin P. McJessy, state as follows:

1.      I am one of the attorneys representing the Mid-America Carpenters Regional Council Pension Fund et al. ("Plaintiffs") in the above-captioned lawsuit ("Lawsuit") against Riteway-Huggins Construction, Inc. ("Defendant").

2.      I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with and a principal of McJessy, Ching & Thompson, LLC ("MC&T").

3.      As part of my practice, I handle claims under ERISA. I personally represented Plaintiffs in this Lawsuit since its inception.

4.      Plaintiffs incurred $1,947.50 in attorney's fees to enforce the Consent Order entered by this Court on February 2, 2024 as follows:

**EXHIBIT**

**4**

| Date | Explanation | Lwyr | Hours | Amount |
|------|-------------|------|-------|--------|
| 5/10/2024 | Prepared correspondence to J. Bormes regarding missed payments and need for Riteway Huggins Construction Inc. to get current; and, prepared correspondence to J. Conklin forwarding update of same. | KM | 0.20 | $59.00 |
| 5/13/2024 | Reviewed correspondence from J. Bormes advising his client will get caught up; and, prepared correspondence to J. Conklin forwarding same. | KM | 0.10 | $30.00 |
| 7/10/2024 | Reviewed correspondence from J. Conklin regarding unpaid amounts due on consent judgment; and, prepared notice of default to James Bormes | KM | 0.50 | $147.50 |
| 10/23/2024 | Prepared motion for entry of final judgment based upon default of Consent Order; prepared declaration of J. Conklin in support of motion for entry of final judgment; prepared declaration of K. McJessy in support of attorneys fees incurred to enforce Consent Order; prepared draft order in support of motion for entry of final judgment for default on consent order; and, reviewed file documents as necessary to prepare declarations and motion. | KM | 5.20 | $1,711.00 |
| | Total | | | $1,947.50 |

5.      The attorney's fees charged to Plaintiffs in this matter are consistent with MC&T's regular charges for services to Plaintiffs and reflect a discounted rate for ERISA collection work compared to the rate charged by MC&T to other clients for other types of matters.

6.      I have personal knowledge of the matters stated in this affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kevin P. McJessy          October 24, 2024
Kevin P. McJessy                    Date